**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. YEAGER, | No. 10-15467 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01196-JAM-EFB |
| v. | |
| SUSAN YEAGER and YEAGER, INC., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| SCOTT ROBERTSON; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Liam O'Grady, United States District Judge for the Eastern District of Virginia, Alexandria, sitting by designation.

Brigadier General Charles E. "Chuck" Yeager appeals the district court's grant of summary judgment to Susan Yeager and Yeager, Inc. Gen. Yeager alleges that Susan and Yeager, Inc. violated the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1101 et seq. Because Gen. Yeager's appeal was not timely filed, we lack jurisdiction to consider it. We therefore dismiss Gen. Yeager's appeal.

The notice of appeal from a judgment in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). It is undisputed that Gen. Yeager filed his notice of appeal in this case on February 26, 2010.

The district court entered final judgment as to all claims and all parties on June 4, 2009. No other post-judgment proceeding restarted the time to appeal. *See* Fed. R. App. P. 4(a)(4)(A) (listing certain post-judgment motions that restart the time to appeal). Nor was the time to appeal tolled by the district court's minor corrections to its June 4, 2009 order and judgment. Because Gen. Yeager filed his notice of appeal more than 30 days after June 4, 2009, the appeal is untimely and we lack jurisdiction to consider it. *Bowles v. Russell*, 551 U.S. 205, 209 (2007).

**DISMISSED.**